UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lamont Cutner, #185864, ) | |
| ) | C/A No.: 6:12-cv-760-GRA-KFM |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Sgt. Joey Tutt, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

      This matter comes before the Court for review of United States Magistrate Judge Kevin McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on August 30, 2012. Plaintiff Lamont Cutner, an inmate with the South Carolina Department of Corrections (SCDC) proceeding *pro se*, filed this action on March 16, 2012, pursuant to 42 U.S.C. § 1983. ECF No. 1. Defendant Joey Tutt, a Sergeant and Contraband Officer at SCDC's McCormick Correctional Institution (MCI) moved for summary judgment on June 15, 2012. ECF No. 27. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate judge on June 15, 2012. ECF No. 29. Plaintiff filed his response in opposition to Defendant's motion on July 2, 2012 and Defendant filed a reply on July 12, 2012. *See* ECF Nos. 31 & 33.

      Under established procedure in this judicial district, Magistrate Judge McDonald made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform

Act. Magistrate Judge McDonald recommends that this Court grant Defendant's Motion for Summary Judgment. Neither party objected to the magistrate judge's Report and Recommendation. For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety and grants Defendant's Motion for Summary Judgment.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff is a state prisoner currently incarcerated at McCormick Correctional Institution (MCI). *See* Report and Recommendation, ECF No. 35. He filed the instant action, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983, on March 16, 2012. ECF No. 1. In his complaint, Plaintiff alleges that Defendant punched and kicked him during an incident, thereby violating his right to be free from excessive force as guaranteed by the Eighth Amendment to the United States

Constitution. Specifically, Plaintiff alleges that on July 26, 2011, Defendant and other officers prepared to search his cell for contraband in the Special Management Unit at MCI. Plaintiff alleges that after complying with Defendant's instructions to back up to the door to be handcuffed, the other officers entered his cell while Defendant threw him against the wall to frisk him. Then Plaintiff alleges that Defendant threw him on the bed and punched him three times and then threw him to the floor and kicked him in the back of the neck. Plaintiff claims he ran out of the cell at that point to the "rock area" where other officers placed him in leg irons. He alleges that he later saw a nurse who gave him medication for neck pain and that x-rays showed that "something was wrong" with his neck.

Defendant describes the incident much differently and denies punching or kicking the plaintiff. According to Defendant, he ordered Plaintiff and his cellmate to turn and be handcuffed at the door. The cellmate complied, but Plaintiff refused, and instead flushed what appeared to be a cell phone down the toilet. After he finally came to the door and was handcuffed, Plaintiff became belligerent when Defendant entered the cell and attempted to frisk him. Plaintiff was escorted out of the cell and was maced by another officer after spitting in the officer's face. (Tutt aff. ¶¶ 7–17). With his motion for summary judgment, Defendant provides MCI's medical records for Plaintiff in which the nurse reported Plaintiff claimed he was "hit in the face" and "kicked in the chest and side," but noting no injuries except for a "small, superficial abrasion" on his lower right leg. See ECF No. 27-4. Also provided are findings by a doctor that Plaintiff's subsequent x-rays were normal. See ECF No. 27-6.

In response to Defendant's motion, Plaintiff filed his own declaration that changed the facts originally alleged in his complaint. Instead of being kicked while in his cell as he initially claimed, Plaintiff declared: "Someone tripped me up as I was walking toward the stairs. I fell, that's when Sgt. Tutt started kicking me . . ." (p. decl. ¶ 5).

Plaintiff was charged with and convicted of three violations of SCDC policy as a result of this incident, including possession of contraband, disobeying officers, and threatening SCDC employees. ECF No. 27-3.

### Discussion

Magistrate Judge McDonald recommends granting Defendant's Motion for Summary Judgment. *See* Report and Recommendation, ECF No. 35.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). Furthermore, in the absence of specific objections to the

Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, objections were due on September 17, 2012. Neither the defendant nor the plaintiff filed any objections to the magistrate judge's Report and Recommendation.

After a review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 11, 2012
Anderson, South Carolina